### GORMAN MIN. CO. V. ALEXANDER *et al.*

1. An appeal was taken in this case by the plaintiff from the judgment rendered in the court below in favor of the defendants, which, for error appearing upon the judgment roll, has been reversed, and a new trial granted.
2. This appeal was taken by the defendants from the same judgment, and in their notice of appeal they asked to have certain orders reviewed, made by the court below; but they do not complain of the judgment, as it gave them all the relief demanded in their answer.
3. As this court has reversed the judgment and granted a new trial on the appeal of the plaintiff, it will not review the errors assigned on this appeal by the defendants, as many of the questions presented by this appeal may not arise on another trial; but will reverse the judgment for the errors appearing upon the judgment roll for the reasons stated in the opinion in plaintiff's appeal.  2 S. D. 557; 51 N. W. Rep. 346.

(Syllabus by the Court.  Opinion filed March 2, 1892.)

Appeal from circuit court, Pennington county.  Hon. JOHN W. NOWLIN, Judge.

This appeal was taken by the defendants from the judgment entered in the court below in their favor.  The arguments and authorities adduced by the respective parties are practically the same as those in Gorman Min. Co. v. Alexander *et al.*, 2 S. D. 557, 51 N. W. 346.

*Schrader & Lewis,* for appellants.

*Day, Bangs & Haynie* and *Clarke & Boyd,* for respondents.

CORSON, J.    This appeal was taken by the defendants from the judgment, and in their notice of appeal they specify certain orders made by the court below, which they seek to have reviewed.

But they do not complain of the judgment, as it was rendered in their favor, and gave them all the relief demanded by their answer. Nor do they in their brief on this appeal insist that this court shall reverse any of the orders specified in their notice of appeal. The object of the appeal, as stated by the learned counsel for appellants in their brief, was for the purpose of bringing the whole record, including the bill of exceptions settled in the case, before the court—the appeal by the plaintiff being from the judgment only, and brought up only the judgment roll for review. As this court, on the appeal on the part of the plaintiff, has reversed the judgment, and granted a new trial, we do not deem it necessary to review the errors assigned in the record on this appeal, as many of the questions presented may not arise in another trial, and they are not, therefore, discussed or decided. For the error of the court below in its conclusions of law appearing by the judgment roll and discussed in the opinion of the court on the appeal by the plaintiff (2 S. D. 557, 51 N. W. Rep. 346) the judgment of the court below is reversed, and a new trial ordered. All the judges concurring.